**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

JAN 0 7 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 9:05-9 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| ROBERT DAVIDS | ) | |
| | ) | |

AGREEMENT made this 7th day of January, 2005, between and among the United States of America, as represented by United States Attorney J. STROM THURMOND, JR., Assistant United States Attorney Mary Gordon Baker (collectively "United States Attorney"); the Defendant, **ROBERT DAVIDS**, and Defendant's Attorney, Matthew R. Hubbell, Esquire.

IN CONSIDERATION of the mutual promises made herein, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereto agree as follows:

1.  The Defendant, **ROBERT DAVIDS**, agrees to waive Indictment, Fed. R. Crim. P. 7(b), and arraignment, Fed. R. Crim. P. 10 and agrees to plead guilty to an Information charging Mail Fraud in violation of Title 18, United States Code, Section 1341, Fed. R. Crim. P. 11.

The elements of Mail Fraud are:

a) the defendant devised a scheme and artifice to defraud;

b) the defendant used the U.S. mails in furtherance of the scheme; and

c) a statement or omission in furtherance of the scheme was material.

2.  The Defendant agrees that the statutory maximum sentence which may be imposed on Count One of the Information to which he has agreed to plead guilty is: (1) not more than ~~twenty~~ five years of imprisonment; (2) a fine of $250,000 or if the defendant derived pecuniary gain from the offense, not greater than twice the gross gain; (3) three years of supervised release; (4) an order of restitution; and (5) a $100 mandatory special assessment. The Defendant further agrees that the offense to which he is pleading guilty is a Class C felony.

3.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the parties agree that with respect to imprisonment the appropriate disposition of this case is that the Defendant be sentenced to a term of imprisonment of one year and one day. If the Court rejects this Plea Agreement, the Defendant, **ROBERT DAVIDS**, may withdraw his guilty plea. The Defendant self-reported the criminal activity to which he is pleading and has extensively cooperated with law enforcement regarding the investigation of securities fraud, mail and wire fraud, tax fraud and other criminal activity. The binding nature of this Plea Agreement is in lieu of any motion for downward departure by the United States or by the Defendant under the United States Sentencing Guidelines.

4.  For the purpose of establishing the amount of restitution which may be ordered by the Court, pursuant to Title 18, United States Code, Sections 3556, 3563(a)(6), 3663, 3663A and 3664, the Defendant, **ROBERT DAVIDS**, agrees that the following victims and aggrieved parties suffered the amount of loss indicated:

- Amount of loss to Medical Manager Health Systems, Inc. - $5,390,311.55

The Defendant further agrees that restitution should be ordered for the following named victims and aggrieved parties in the following amounts:

– Amount of loss to Medical Manager Health Systems, Inc. to be determined by the Court

The Defendant, **ROBERT DAVIDS**, has entered into a civil settlement agreement with the United States Attorney's Office for the District of South Carolina regarding certain assets he has agreed to forfeit to the United States in civil proceedings. The Defendant reserves the right to request that he is entitled to a reduction of his restitution judgment for the value of any assets forfeited.

5. The Defendant, **ROBERT DAVIDS**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the United States Attorney under this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

6. The Defendant, **ROBERT DAVIDS**, agrees to enter into the Bureau of Prisons

3

Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes, including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

7.  The Defendant, **ROBERT DAVIDS**, has entered into a civil settlement agreement with the United States Attorney regarding the Defendant's assets to be forfeited by the United States in connection with this matter and has executed consent orders of forfeiture with regard to these properties.

The Defendant agrees to continue to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by a nominee. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement, whether civil, criminal or administrative on any grounds.

The Defendant stipulates that the forfeiture of the properties subject to the civil settlement agreement is not constitutionally excessive and is justified in light of the offenses for which he will be convicted upon entry of a guilty plea pursuant to the terms of this Plea Agreement.

This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The Defendant understands and agrees that forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture. The Defendant reserves the right to request that he is entitled to a reduction of his restitution judgment for the value of any assets forfeited.

8.  The United States Attorney agrees not to prosecute the Defendant, **ROBERT DAVIDS**, for other offenses committed in the District of South Carolina prior to March 25, 2003, which are the same or similar character as those cited herein, so long as the Defendant, **ROBERT DAVIDS**, complies with ALL the terms of this Plea Agreement.

9.  The Defendant understands that this Plea Agreement binds only the Defendant and the United States Attorney for the District of South Carolina, and it does not bind any other federal, state, or local prosecution authority. The United States Attorney for the District of South Carolina agrees to recommend to any other United States Attorney or state or local prosecutor that the Defendant, **ROBERT DAVIDS**, not be prosecuted for any similar crimes occurring in other Districts and States prior to March 25, 2003, so long as the Defendant, **ROBERT DAVIDS**, complies with the terms of this Plea Agreement.

10. The Defendant, **ROBERT DAVIDS**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of financial fraud involving his former employers and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning kickbacks received by himself and others in connection with acquisitions by his former employers, Medical Manager Corporation and Medical Manager Health Systems, Inc. ("Medical Manager"); fraudulent accounting by Medical Manager in connection with such acquisitions; fraudulent recognition of revenues by Medical Manager and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the United States Attorney including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also

testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the United States Attorney, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the United States Attorney, cause the obligations of the United States Attorney under this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the United States Attorney under this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above: (2) any and all additional charges known to the United States Attorney may be filed in the appropriate district: (3) the United States Attorney may argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and (4) the United States Attorney may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

11.     The United States Attorney agrees to advise the sentencing Court of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant, **ROBERT DAVIDS.**

12.     The Defendant, **ROBERT DAVIDS**, agrees to submit to such polygraph examinations as may be requested by the United States Attorney and agrees that any such examinations shall be performed by a polygraph examiner selected by the United States Attorney. Defendant, **ROBERT DAVIDS**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the United States Attorney within the Agreement becoming null and void.

13. The Defendant understands the United States Attorney will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the Defendant including the entirety of the Defendant's criminal activities. The Defendant understands these disclosures are not limited to the counts to which the Defendant has pled guilty. The United States Attorney may respond to comments made or positions taken by the Defendant or Defendant's counsel and to correct any misstatements or inaccuracies. The United States Attorney further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.

14. The United States Attorney agrees that any self-incriminating information provided by the Defendant, **ROBERT DAVIDS**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **ROBERT DAVIDS** except as follows. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the United States Attorney prior to March 25, 2003;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

15. The Defendant, **ROBERT DAVIDS**, understands that the obligations of the United States Attorney under the Plea Agreement are expressly contingent upon the Defendant's

abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

16. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). Nor does it limit the United States in its comments in or responses to any post-sentencing matters.

17. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. §552a.

18. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this

Agreement, are null and void.

_____1/7/05_____  
DATE

_____  
**ROBERT DAVIDS**, DEFENDANT

_____1/7/05_____  
DATE

_____  
MATTHEW R. HUBBELL, ESQ.  
Attorney for the Defendant, **ROBERT DAVIDS**

J. STROM THURMOND, JR.  
UNITED STATES ATTORNEY

_____1/7/05_____                    BY: _____  
DATE                                          MARY GORDON BAKER  
Assistant United States Attorney