IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO.: 9:05-9 |
| | ) | |
| | ) | |
| **ROBERT DAVIDS** | ) | |

## MOTION TO EXTEND TIME FOR DETERMINATION OF RESTITUTION

The United States of America, by and through its undersigned attorney, respectfully moves for an extension of time to the 90-day deadline for the final determination of the victim's losses pursuant to 18 U.S.C. § 3664 (b)(5). Specifically, the government requests that it be permitted to provide either an agreement as to such losses, with the concurrence of the victim, WebMD Health Corporation ("WebMD"), on or before December 21, 2011. Failing that, the government requests that the time be extended until a date selected by the Court for a hearing in January, 2012. The undersigned represents that a copy of this motion and proposed order was provided to both counsel for the defendant and WebMD, and neither have any objection to it. In support of this motion, the government asserts:

1. On January 7, 2005, the defendant entered a plea of guilty to a single mail fraud charge.

2. In August and September 2011, the defendant and five other defendants in related cases were sentenced by this Court. The complete list of the defendants, their case numbers, and the dates of their sentencings, are as follows:

1

| | | |
|---|---|---|
| August 10, 2011 | Kevin Kennedy | 9:05-8 |
| August 10, 2011 | Glen Moss | 9:05-10 |
| August 10, 2011 | Robert Davids | 9:05-9 |
| August 29, 2011 | Patrick Sedlacek | 9:07-1258 |
| August 30, 2011 | William Kottage | 9:07-358 |
| August 30, 2011 | Henry Holbrook | 9:06-49 |

In each case, the Court delayed final determination of restitution pursuant to 18 U.S.C. § 3664 (b)(5) on the grounds that the victim's losses were not ascertainable as of the date of each sentencing.

3.  The government believes that all parties may be able to settle this matter without need for additional hearings if given additional time. Primarily, in order to fund a settlement, the undersigned needs to apply to restore funds that have already been forfeited to the United States, and make those funds available for restitution to the victim. Restoration of forfeited funds involves an internal administrative process that ultimately requires the approval of the Attorney General through the Criminal Division's Asset Forfeiture and Money Laundering Section. That process requires additional time to complete.

Respectfully submitted,

NANCY C. WICKER
ATTORNEY FOR THE UNITED STATES
ACTING UNDER THE AUTHORITY
CONFERRED BY 28 U.S.C. § 515

By: *s/ Eric J. Klumb*
Eric J. Klumb
Assistant United States Attorney
District of South Carolina

Dated: November 4, 2011